IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIN-CHUNG YANG, and MIAOTANG WANG YANG,<br><br>    Plaintiffs,<br><br>  v.<br><br>SWISSPORT USA, INC., *et al.*,<br><br>    Defendants.<br>_____/<br>NEW HAMPSHIRE INSURANCE COMPANY,<br><br>    Plaintiff-in-Intervention,<br><br>  v.<br><br>SWISSPORT USA, INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C 09-3823 SI<br><br>**ORDER DENYING SWISSPORT USA, INC.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

    Defendant Swissport USA, Inc. has filed a motion for leave to file a motion for reconsideration of the Court's July 6, 2010 Order Granting Plaintiffs' Motion for Leave to File a Second Amended Complaint and Remanding Case to the Superior Court for the County of San Francisco. In that order, the Court held that joinder of four new defendants was appropriate, and because plaintiffs and newly-added defendants Todaro and Banzon were not diverse, the case should be remanded. Defendant contends that reconsideration is warranted because after the Court filed the order, defendant learned that plaintiffs are residents of Taiwan, not California, and thus plaintiffs and defendants Todaro and Banzon

are diverse.[1] Although it is correct that plaintiffs' Taiwanese domicile alters the joinder and jurisdictional analysis with regard to defendants Todaro and Banzon, the Court concludes that remand is still proper because plaintiff-intervener New Hampshire Insurance Co. is non-diverse to defendant Hall Industries, Inc. ("Hall Industries"). For the reasons set forth below, the Court DENIES defendant's motion for leave to file for reconsideration.[2]

## I.     Joinder of Hall Industries, Inc.

Plaintiffs originally sought joinder of all of the newly-added defendants, including Hall Industries, pursuant to 28 U.S.C. § 1447(e). The Court's July 6, 2010 order found it unnecessary to analyze the joinder of Hall Industries under 28 U.S.C. § 1447(e), and instead analyzed the propriety of permissive joinder of Hall Industries under Federal Rule of Civil Procedure 20. In light of the fact that plaintiffs are Taiwanese residents, and because later-joined defendants must also be diverse to intervening plaintiffs[3] in actions where subject matter jurisdiction is predicated solely on diversity, the Court now analyzes the joinder of Hall Industries under 28 U.S.C. § 1447(e). *See* 28 U.S.C. § 1367(b); *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 159-60 (3d Cir. 1995); *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1094, 1098 (C.D. Cal. 2005).

When evaluating joinder under § 1447(e), a court should consider (1) whether the party plaintiff seeks to join is required for just adjudication and would be joined under Fed. R. Civ. P. 19(a); (2) whether the statute of limitations would bar an action against defendant in state court; (3) whether the joinder is untimely, or there has been an unexplained delay in its request; (4) whether joinder is intended solely to destroy diversity jurisdiction, (5) whether the claims against the new defendants appear valid;

---

[1] Counsel accuse each other of making misrepresentations to each other and the Court, and defense counsel seeks sanctions. On this record, the Court does not find that sanctions are appropriate. Although plaintiffs' reply brief did not correct defense counsel's mistaken belief that plaintiffs were citizens of California, plaintiffs' motion to amend asserted that it was the joinder of Hall that destroyed diversity.

[2] The Court incorporates the facts and legal standard as laid out in its Order Granting Plaintiffs' Motion for Leave to File Second Amended Complaint. (Docket No. 45).

[3] Intervenor-plaintiff New Hampshire Insurance Company and proposed defendant Hall Industries, Inc. are both Pennsylvania citizens.

2

and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

With respect to the first factor, the Court finds that the joinder of Hall Industries is necessary for just adjudication under Fed. R. Civ. P. 19(a). Plaintiffs allege that Yang was injured as a proximate result of Hall Industries and/or Clyde Machines' negligent design and manufacture of the towbar, and in connection with their motion to amend plaintiffs submitted evidence suggesting that Hall Industries manufactured the towbar at issue. In general, a party is deemed necessary if its failure to join would lead to redundant litigation in separate forums. *IBC*, 125 F. Supp. 2d at 1012. Whether Hall Industries or Clyde Machines manufactured the allegedly defective towbar is a disputed question that can only be resolved after discovery. As there is a possibility that Hall Industries proximately caused plaintiff's injury, joinder of Hall Industries is necessary to the full and just resolution of plaintiffs' claims. Moreover, permitting joinder of diverse defendants Todaro, Banzon, and Clyde Machines in federal court, while forcing plaintiffs to litigate against Hall Industries in state court, would result in redundant litigation and an unnecessary drain on judicial resources.

With respect to the second factor, the statute of limitations has not yet expired. As the Court explained in its July 6, 2010 order, although this factor weighs slightly against joinder, this factor is not decisive.

Regarding the third factor of whether joinder is untimely, the Court's analysis remains unchanged. Plaintiffs have provided a reasonable explanation for their delay in seeking to amend, and no dispositive motions have been filed. In addition, plaintiffs filed their motion to amend before the May 28, 2010 deadline for such motions.

With respect to the fourth factor, the motive for joinder, the Court's analysis also remains unchanged. Hall Industries potentially played a material role in causing plaintiffs' injury, and as such is a necessary party in plaintiffs' claim. The Court additionally finds no evidence suggesting that plaintiffs acted with any improper motive in seeking to join a non-diverse defendant. For this reason, this factor weighs in favor of joinder.

The fifth factor, the merit of plaintiffs' claims, also weighs in favor of joinder. Under California

law, to state a valid claim for strict products liability, a plaintiff must allege that a defect in the manufacture or design of a product "causes injury while the product is being used in a reasonably foreseeable way." *Soule v. Gen. Motors Corp.*, 34 Cal. Rptr. 2d 607, 612 (Cal.1994). As discussed above, plaintiffs assert that plaintiff Yang was injured as a proximate result of Hall Industries and/or Clyde Machines' negligent design and manufacture of the towbar; that the towbar was being used in a foreseeable way; and that Yang was unaware of any defect. Plaintiffs have asserted a valid claim for relief against Hall Industries.

Finally, the Court finds that the denial of joinder would prejudice plaintiffs because the claims against Hall Industries are closely connected to the claims alleged against the original defendant such that denial of joinder would force the plaintiff to choose whether to pursue redundant litigation in state court or forego the claim entirely. *See IBC*, 125 F. Supp. 2d at 1013.

Weighing the six factors collectively, the Court finds that with the exception of the statute of limitations, all of the factors weigh in favor of joinder. Accordingly, the Court finds that joinder of Hall is appropriate under § 1447(e).

## II.     Joinder of Todaro, Banzon, and Clyde Machines, Inc.

Defendants Todaro, Banzon, and Clyde Machines are each diverse to both plaintiffs and plaintiff-intervener. For this reason, their joinder is analyzed under Fed. R. Civ. P. 20. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980). Under Rule 20, defendants may be joined if: (1) a right to relief arising out of the same transaction or occurrence is asserted; and (2) a question of law or fact common to all parties arises in the action. *Desert Empire*, 623 F.2d at 1374. Plaintiffs allege that Todaro, Banzon, and Clyde Machines all directly contributed to plaintiff's injury during the same incident, and the claims against them thus arise out of the same transaction. Moreover, as plaintiffs allege that Todaro, Banzon, Clyde Machines, Hall Industries, and Swissport caused the same injury, common issues of proximate causation exist amongst all the parties to this action. Accordingly, the Court finds the joinder of Todaro, Banzon, and Clyde Machines appropriate.

4

**CONCLUSION**

For the foregoing reasons, the Court finds no reason to alter its previous ruling and hereby DENIES defendant's motion for leave to file a motion for reconsideration. (Docket No. 47).

**IT IS SO ORDERED.**

Dated: August 13, 2010

SUSAN ILLSTON
United States District Judge